# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

**CORNINKA KENNEDY,**

    **Plaintiff,**

                            **CASE NO.:**

v.

**PROTECT MY CAR ADMIN SERVICES, INC.,**

    **Defendant.**

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Corninka Kennedy, by and through undersigned counsel, brings this action against Defendant, Protect My Car Admin Services, Inc., and in support of her claims states as follows:

## JURISDICTION AND VENUE

1. This is an action for damages and for declaratory relief, for violations of the Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), 42 U.S.C. § 2000e et seq., Florida Civil Rights Act of 1992, as amended, ("FCRA"), Fla. Stat. Section 760.01 et seq.

2. This Court has subject matter jurisdiction under 28 U.S.C. § 1331. This Court has pendant jurisdiction over Plaintiff's state law claims.

3. Venue is proper in this district, because all of the events giving rise to these claims occurred in this Pinellas County which is in this district.

## PARTIES

4. Plaintiff is a resident of Pinellas County, Florida.

5. Defendant operates a business selling extended warranties for automobiles, in Pinellas County, Florida.

## GENERAL ALLEGATIONS

6. Plaintiff has satisfied all conditions precedent, or they have been waived.

7. Plaintiff has hired the undersigned attorneys and agreed to pay them a fee.

8. Plaintiff requests a jury trial for all issues so triable.

9. At all times material hereto, Plaintiff was an employee of Defendant.

10. At all times material hereto, Defendant employed fifteen or more employees. Thus, Defendant is an "employer" within the meaning of the FCRA and Title VII.

## FACTS

11. Plaintiff began working for Defendant in October 2019 as a Sales Representative employee, and she worked in this capacity until February 2020.

12. Plaintiff is Jewish.

13. Thus, Plaintiff is a member of a protected class, and as such benefits from the protections of the FCRA and Title VII.

14. Plaintiff performed the job for which she was hired in a satisfactory manner.

15. Plaintiff was attacked at work by two individuals due to her religion.

16. Plaintiff attempted to contact the police, however Defendant prohibited Plaintiff from contacting the police.

17. Defendant told Plaintiff to leave and threatened to have Plaintiff trespassed from the property.

18. Defendant did not discipline the two individuals that attacked Plaintiff and did not threaten to trespass them from the property.

19. Plaintiff was subjected to disparate treatment on the basis of her religion.

20. On or about February 3, 2020, Defendant terminated Plaintiff's employment.

## COUNT I – FCRA VIOLATION
## (DISCRIMINATION)

21. Plaintiff realleges and readopts the allegations of paragraphs 1 through 20 of this Complaint, as though fully set forth herein.

22. Plaintiff is a member of a protected class under the FCRA.

23. Plaintiff was subjected to disparate treatment on account of her religion, including prohibiting her from calling the police, threatening to trespass her from the property, and terminating Plaintiff's employment.

24. Defendant's actions were willful and done with malice.

25. Plaintiff was injured due to Defendant's violations of the FCRA, for which she is entitled to relief.

**WHEREFORE**, Plaintiff demands:

- a) A jury trial on all issues so triable;
- b) That process issue and this Court take jurisdiction over the case;
- c) Compensation for lost wages, benefits, and other remuneration;
- d) Reinstatement of Plaintiff to a position comparable to her prior position, or in the alternative, front pay;
- e) Any other compensatory damages, including emotional distress, allowable at law;
- f) Punitive damages;
- g) Prejudgment interest on all monetary recovery obtained;
- h) All costs and attorney's fees incurred in prosecuting these claims; and
- i) For such further relief as this Court deems just and equitable.

## COUNT II – FCRA RETALIATION

26. Plaintiff realleges and readopts the allegations of paragraphs 1 through 20 of this Complaint, as though fully set forth herein.

27. Plaintiff is a member of a protected class under the FCRA.

28. Plaintiff engaged in protected activity under the FCRA by opposing being attacked because of her religion.

29. Defendant retaliated against Plaintiff for engaging in protected activity under the FCRA by terminating Plaintiff's employment.

30. Defendant's actions were willful and done with malice.

31. By terminating Plaintiff's employment, Defendant took material adverse action against Plaintiff.

32. Plaintiff was injured due to Defendant's violations of the FCRA, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

    a) A jury trial on all issues so triable;

    b) That process issue and that this Court take jurisdiction over the case;

    c) That this Court enter a declaratory judgment, stating that Defendant interfered with Plaintiff's rights under the FCRA;

    d) Compensation for lost wages, benefits, and other remuneration;

    e) Reinstatement of Plaintiff to a position comparable to her prior position, with back pay plus interest, pension rights, and all benefits;

    f) Front pay;

    g)    Any other compensatory damages, including emotional distress, allowable at law;

    h)    Punitive damages;

    i)    Prejudgment interest on all monetary recovery obtained;

    j)    All costs and attorney's fees incurred in prosecuting these claims; and

    k)    For such further relief as this Court deems just and equitable.

## COUNT III – TITLE VII VIOLATION
## (DISCRIMINATION)

33. Plaintiff realleges and readopts the allegations of paragraphs 1-20 of this Complaint, as though fully set forth herein.

34. Plaintiff is a member of a protected class under Title VII.

35. Plaintiff was subjected to disparate treatment on the basis of her religion.

36. Defendant knew or should have known of the disparate treatment suffered by Plaintiff, and failed to intervene or to take prompt and effective remedial action in response.

37. Defendant's actions were willful and done with malice.

38. Plaintiff was injured due to Defendant's violations of Title VII, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

    j)    A jury trial on all issues so triable;

k) That process issue and that this Court take jurisdiction over the case;

l) An injunction restraining continued violation of Title VII by Defendant;

m) Compensation for lost wages, benefits, and other remuneration;

n) Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, or in the alternative, front pay;

o) Any other compensatory damages, including emotional distress, allowable at law;

p) Punitive damages;

q) Prejudgment interest on all monetary recovery obtained.

r) All costs and attorney's fees incurred in prosecuting these claims; and

s) For such further relief as this Court deems just and equitable.

### **COUNT IV – TITLE VII RETALIATION**

39. Plaintiff realleges and readopts the allegations of paragraphs 1-20 of this Complaint, as though fully set forth herein.

40. Plaintiff is a member of a protected class under Title VII.

41. Plaintiff exercised or attempted to exercise her rights under Title VII, thereby engaging in protected activity under Title VII.

42. Defendant retaliated against Plaintiff for engaging in protected activity under Title VII by terminating her employment.

43. Defendant's actions were willful and done with malice.

44. In terminating her employment, Defendant took material adverse action against Plaintiff.

45. Plaintiff was injured due to Defendant's violations of Title VII, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

- l) A jury trial on all issues so triable;
- m) That process issue and that this Court take jurisdiction over the case;
- n) That this Court enter a declaratory judgment, stating that Defendant retaliated against Plaintiff for exercising rights under Title VII;
- o) That this Court enter an injunction restraining continued violation of Title VII by Defendant;
- p) Compensation for lost wages, benefits, and other remuneration;
- q) Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, with back pay plus interest, pension rights, seniority rights, and all fringe benefits;
- r) Front pay;

    s)     Any other compensatory damages, including emotional distress, allowable at law;

    t)     Punitive damages;

    u)     Prejudgment interest on all monetary recovery obtained.

    v)     All costs and attorney's fees incurred in prosecuting these claims; and

    w)     For such further relief as this Court deems just and equitable.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury as to all issues so triable.

Dated this 10th day of May, 2021.

        Respectfully submitted,

*/s/ Brandon J. Hill*
**BRANDON J. HILL**
Florida Bar Number: 0037061
Direct Dial: 813-337-7992
**AMANDA E. HEYSTEK**
Florida Bar Number: 0285020
Direct Dial: 813-379-2560
**WENZEL FENTON CABASSA, P.A.**
1110 N. Florida Avenue, Suite 300
Tampa, Florida 33602
Main Number: 813-224-0431
Facsimile: 813-229-8712
Email: bhill@wfclaw.com
Email: aheystek@wfclaw.com
Email: aketelsen@wfclaw.com
**Attorneys for Plaintiff**